UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jermaine Hilton, # 325109, | ) C/A No.: 8:12-2625-JFA-JDA |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| South Carolina Dept of Probation and Parole, Director; | ) |
| Sandra Ryan, Parole Board Member; | ) |
| United States of America; | ) |
| United States Air Force, | ) |
| Defendants. | ) |

Plaintiff is proceeding *pro se* and brings this civil rights action under 42 U.S.C. § 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B) (2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

## **BACKGROUND**

Plaintiff submits this suit alleging he has been eligible for parole review every two years since his sentence start date, and should have been reviewed in September 2012 to determine if he was eligible for parole. Plaintiff claims his eligibility has been "extended." Attachments to plaintiff's complaint indicate his next parole review will be in December. Plaintiff alleges that parole statutes that change the standard for granting parole or dictate longer periods of incarceration if applied retroactively to offenses committed prior to the change in the law violate the *ex post facto* clause. He further alleges this is true even if a state's parole statute does not create a liberty interest or entitlement protected by due process. Plaintiff claims he put the Director of the South Carolina Department of Probation,

Parole and Pardon Services ("SCDPPPS") and Ms. Ryan, a member of the Board, on notice via complaint "rejecting the denial of a parole hearing" but states both have "refused to provide any type of corrective action. Plaintiff seeks $20,000.00 in damages for mental anguish and stress, and psychological cruelty.

Plaintiff also submits to the court a second claim against the United States of America. Plaintiff claims he lived in Sumter, South Carolina in 1988. According to the complaint, an Air Force fighter jet crashed into his home, killing his grandfather. Plaintiff, an infant at the time, and Mary Lee Smith, presumably his mother, survived the crash, and sued the government. Plaintiff claims he was injured and hospitalized and, as of today, remains under medical care which he claims he will require for life due to the exposure to toxic fumes. Plaintiff alleges he was never compensated. He states he was told by an attorney in 2009 that he has a right to sue the United States Air Force for his permanent disability associated with the crash. Plaintiff seeks $100,000,000.00 in compensatory damages for past injuries, pain and suffering, for future and present injuries, and for pain and suffering for the remainder of his life.

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v.*

*Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

**DENIAL OF PAROLE ELIGIBILITY**

Plaintiff has not exhausted his state court remedies. Since plaintiff alleges that he is no longer eligible for parole, plaintiff must first raise this claim before South Carolina's Administrative Law Court (ALC). Such a review would be brought pursuant to the Administrative Procedures Act (APA), and would therefore include an appeal of any denial of relief by the ALC before plaintiff could proceed in federal court. *See* S.C. Code Annotated § 1-23-610.

In *Al-Shabazz v. S.C.*, 338 S.C. 354, 527 S.E. 2d 742 (S.C. 2000), the Supreme Court of South Carolina emphasized that "'[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property'", quoting *Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). That same year, the court specifically held that parole eligibility implicated a liberty interest. *Jernigan v. State*, 340 S.C. 256, 260, 531 S.E.2d 507, 509 (2000)(change from annual parole eligibility review to biannual review requires APA review).

In *Sullivan v. South Carolina Department of Corrections,* 355 S.C. 437, 586 S.E.2d 124 (2003), South Carolina's Supreme Court held that the only way the ALC can obtain subject matter jurisdiction over a claim is when it implicates a state created "liberty interest sufficient to trigger procedural due process guarantees." *Sullivan*, 355 S.C. at 443, 586 S.E.2d at 127 (citing *Wolff v. McDonnell,* 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)); *See also Furtick v. South Carolina Department of Probation, Parole, and Pardon Services*, 352 S.C. 594, 576 S.E.2d 146 (2003)(extending the holding in *Al-Shabazz*, ALC has jurisdiction to hear denial of parole eligibility); *Steele v. Benjamin*, 362 S.C. 66, 606 S.E.2d 499 (S.C. App. 2004)(ALC had jurisdiction to hear Steele's claim that the

SCDPPPS violated the *ex post facto* clause when it denied him annual review of parole eligibility); *Cooper v. SCDPPPS*, 377 SC 489, 661 S.E.2d 106 (S.C. 2008)(procedure employed by parole board deprived inmate of state-created liberty interest and triggered due process requirements, including entitlement to review by ALJ; "if a parole board deviates from or renders its decision without consideration of the appropriate criteria, we believe it essentially abrogates an inmate's right to parole eligibility and, thus, infringes on a state-created liberty interest"); and *James v. South Carolina Department of Probation, Parole, and Pardon Services*, 376 S.C. 392, 656 S.E.2d 399, 400-403 & n. 3 (S.C.Ct.App. 2008)(review of parole eligibility goes through ALC).

**FEDERAL TORT CLAIMS ACT CLAIMS**

The Federal Tort Claims Act ("FTCA") provides that the United States is the only proper defendant in a suit brought under that act. *Miller v. United States*, 710 F2d 656, 657, n. 1 (10th Cir. 1983). As section 2679(a) of the Act provides, "[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive." 28 U.S.C. § 2679(a). In the instant case, plaintiff has named other defendants in addition to the United States of America. A suit under the FTCA would mandate a dismissal of those other defendants from this action.

In any event, the FTCA provides for a limited waiver of the government's sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action for loss of property or personal injuries caused by the "negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment,

under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Because the FTCA includes a limited waiver of the government's immunity as a sovereign, the statute is to be strictly construed and its requirements strictly met. *See Welch v. United States*, 409 F.3d 646, 650-51 (4th Cir. 2005); *see also Lane v. Pena*, 518 U.S. 187, 192 (1996) (stating that "a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign").

The pertinent provision of the FTCA provides: "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a). Further, any tort claim against the United States is "forever barred" unless the "action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b); see also 28 C.F.R. § 14.9(a).

When a plaintiff fails to follow the statutory exhaustion requirements, a federal district court lacks subject matter jurisdiction over the claim. *See Plyler v. United States*, 900 F.2d 41 (4th Cir. 1990); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993).

The burden of establishing subject matter jurisdiction over an FTCA claim lies with the plaintiff. *See Welch*, 409 F.3d at 650-51.

The United States Supreme Court has held that the word "institute[]" as used in the FTCA is usually synonymous with "commence." *McNeil,* 508 U.S. at 112.3 Under Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Under Rule 5, a paper is filed when it is delivered to the clerk. Fed. R. Civ. P. 5(d)(2)(A).

Here, the docket shows the complaint was delivered to the court on September 11, 2012. (See Compl., ECF No. 1 at 3.) Plaintiff alleges the plane struck his home in September 1988, twenty-four (24) years before he filed the complaint. Thus, the court concludes that it lacks jurisdiction over plaintiff's FTCA claims, because the plaintiff, or his representative, failed to follow the statutory exhaustion requirements within the allotted time period, and failed to file the complaint in a timely manner thereafter.

## **RECOMMENDATION**

Accordingly, it is recommended that the district court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

s/Jacquelyn D. Austin
United States Magistrate Judge

October 9, 2012
Greenville, South Carolina

***The plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Room 239
> 300 East Washington St.
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).