IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jermaine Hilton, ) | C/A No. 8:12-2625-JFA-JDA |
| ) | |
| Plaintiff, ) | ORDER |
| vs. ) | |
| ) | |
| S.C. Department of Probation, Director; ) | |
| Sandra Ryan, Parole Board Member; ) | |
| United States of America; United States ) | |
| Air Force, ) | |
| ) | |
| Defendants. ) | |

The *pro se* plaintiff, Jermaine Hilton, is a state inmate with the South Carolina Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983[1] claiming that his parole review has been improperly extended in violation of the *ex post facto* clause. He also makes a separate claim against the United States asserting that in 1988, an Air Force fighter jet crashed into his home and killed his grandfather, causing the plaintiff to be exposed to toxic fumes. He asserts that he was never compensated for his injuries and seeks $100 million in damages.

The Magistrate Judge assigned to this action[2] has prepared a Report and

---

[1] The plaintiff has filed this action *in forma pauperis* under 28 U.S.C. § 1915.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter
(continued...)

1

Recommendation and opines that the action should be summarily dismissed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation and he filed timely objections thereto. The court has reviewed the objections *de novo* and will address them herein.

With regard to the claim of denial of parole eligibility, the Magistrate Judge suggests that the plaintiff has not exhausted his state court remedies and that his must first do so with South Carolina's Administrative Law Court (ALC). In his objection memorandum, the plaintiff contends that the ALC has obstructed him from any further attempts to exhaust his remedies with regard to his parole eligibility. He suggests that this court should not dismiss either claim until he has exhausted his remedies. A review of the memo provided by the plaintiff from the state ALC clerk's office indicates that the plaintiff did file an appeal, but that he did not do so on the appropriate form, nor did he attach a copy of the final decision from the Department of Probation to the notice of appeal. It appears that the plaintiff attempted to file the appeal on September 18, 2012.

On December 3, 2012, the plaintiff filed amended objections to the Report now contending that under *Roller v. Cavanaugh*, 984 F.2d 120 (4th Cir. 1993) that he is not required to exhaust his parole claim. He attaches documentation regarding his efforts to

---

²(...continued)
to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

exhaust and contends that his attempts in state court have been futile because the ALC has "obstructed" him from further exhaustion attempts.

The attachments to the plaintiff's objection memorandum reveal that the plaintiff was given clear written advice of the deficiencies in his appeal from the decision of the South Carolina Department of Probation, Parole, and Pardon Services. These documents do not reveal an attempt to obstruct the plaintiff from exhausting his remedies in the state courts.

As to the plaintiff's claim for compensation under the Federal Tort Claims Act, the Magistrate Judge opines that this court lacks jurisdiction to hear these claims because the plaintiff or his representative failed to follow the statutory exhaustion requirements within the allotted time period. The alleged jet crash occurred some twenty-four years prior to the plaintiff filing his complaint.

In his objections, the plaintiff provides a copy of a letter from the Department of the Air Force dated December 6, 2012 to support his contention that he has exhausted his claims. The letter indicates that the Department has determined that as a non-veteran of the United States Air Force, that the plaintiff does not meet the criteria for correction to a military record.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation proper and incorporates it herein by reference.

Accordingly, the objections are overruled, and this matter is summarily dismissed.

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

September 3, 2013
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

4